UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN SKVORAK, JUSTIN LIPSON,
LARRY SMITH, KIMBERLY KREUTZER

Plaintiffs,
v.

THURSTON COUNTY, et al.,

Defendants.

No. 05-5100 RBL

ORDER GRANTING
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT

This matter is before the Court on Defendant Thurston County's ("County") Motion for Summary Judgment [Dkt. #33]. The Defendant seeks a ruling as a matter of law that Plaintiffs' state law and constitutional law claims present no genuine issue of material fact. Plaintiffs have also requested that the Court allow an extension to respond to Defendant's motion. For the reasons explained below, this Court GRANTS Defendant's motion for partial summary judgment and DENIES Plaintiffs' motion for an extension.

**BACKGROUND**

On July 8, 2002, officers from the Thurston County Sheriff's Office allegedly arrested Plaintiffs and confiscated their personal property. Plaintiffs were released from custody later that day. On July 9, 2002,

the County filed charges against Plaintiffs. On January 15, 2003, the County dismissed charges against Plaintiffs Justin Lipson, Kevin Skvorak, and Lawrence Smith, and on March 31, 2003, it dismissed charges against Kimberly Kreutzer.

During a period spanning September 23, 2003, to September 29, 2003, the County received a written Claim for Damages for each Plaintiff. Justin Lipson's complaint failed to provide a home address with a city or state.[1] Kevin Skvorak listed a home address in Brooklyn, New York. Lawrence Smith listed his home address in Seattle, Washington. Kimberly Kreutzer listed a home address in Bellingham, Washington. All four claims were against Thurston County, and were signed by Lawrence Hildes, one of the attorneys for Plaintiffs. No other defendant was listed and none of the Plaintiffs signed the claims.

On February 3, 2005, the Complaint for Damages was filed, and on March 29, 2005, it was served on the Thurston County Auditor. The complaint alleged ten causes of action, including federal and state law claims as follows:

(1) Violation of Civil Rights under Title 42 U.S.C. Section 1983 as to all Plaintiffs against all Defendants;
(2) Violation of Civil Rights under Title 42 U.S.C. Section 1983 as to Both Plaintiffs against Defendants Thurston County and Thurston County Sheriff's Office;
(3) Violation of Civil Rights under the Washington State Constitution as to Both Plaintiffs against all Defendants;
(4) False Arrest as to Plaintiffs Skvorak, Lipson, and Smith against all Defendants;
(5) False Imprisonment as to Plaintiffs Skvorak, Lipson, and Smith against all Defendants;
(6) Assault and Battery as to all Plaintiffs against all Defendants;
(7) Common law Conversion/ Trespass to Chattel as to Plaintiffs Skvorak and Lipson against all Defendants;
(8) Intentional Infliction of Emotional Distress as to all Plaintiffs against all Defendants;
(9) Malicious Prosecution as to all Plaintiffs against all Defendants;
(10) Negligence as to all Plaintiffs against all Defendants.

---

[1] Plaintiffs' Complaints provide that Plaintiff Justin Lipson resides primarily in the State of New York. We will assume here, as the County does in its motion, that he is a non-resident of Washington.

ORDER
Page - 2

On May 23, 2005, Thurston County filed an answer asserting Plaintiffs' failure to comply with the requirements of RCW 4.96.020 (Washington's claim filing statute) as an affirmative defense. Thurston County also asserted as an affirmative defense that certain of Plaintiffs' causes of action are barred by expiration of the statute of limitations, RCW 4.16.100.

On December 7, 2005, Thurston County received an answer to Thurston County's First Set of Interrogatories Propounded to Plaintiffs Justin Lipson and Kevin Skvorak. In the answer, Plaintiffs' Attorney Lawrence Hildes stated that both Plaintiffs, who reside out of state, were present in Washington State on September 19, 2002, January 13, 2003, and March 31, 2003.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Claims Statute

Prior to filing a lawsuit seeking damages against a county, the plaintiff must file a claim for damages in accordance with the claims statute, RCW 4.96.020. *Sievers v. City of Mountlake Terrace*, 97 Wn. App. 181, 183, 983 P. 2d 1127 (1999). Failure to file a claim as required by the claims statute requires dismissal of the action. *Id.*

The pertinent portions of RCW 4.96.020 in the case at bar are as follows:

(1) The provisions of this section apply to claims for damages against all local governmental entities.
...
(3) All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage... . If the claimant is...a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any...attorney...representing the agent.

General requirements apply to all damages claims while more specific requirements apply solely to claims arising out of tortious conduct. *Harberd v. City of Kettle Falls*, 120 Wn. App. 498, 510, 84 P.3d 1241 (2004). One specific requirement is the requirement that the plaintiff verify, or sign, the claim filed. *Delos Reyes v. City of Renton*, 121 Wn. App. 498, 502-03, 86 P.3d 155 (2004). However, according to the plain language of the statute, an exception applies if the plaintiff is a nonresident absent from the state during the time within which the claim is to be filed. RCW 4.96.020(3).

In the case at bar, Plaintiffs assert one state constitutional law claim and seven state law claims that arise out of tortious conduct: Washington constitutional civil rights violation;[2] false arrest; false imprisonment; assault and battery; common law conversion/ trespass to chattel;[3] intentional infliction of emotional distress; malicious prosecution; and negligence. Because none of the Plaintiffs signed the claims, the Court is required to dismiss them for lack of verification.[4]

---

[2] The Court disagrees with Defendant Thurston County's assessment that the state constitutional claim is a "non-tort state cause of action." Because the state constitutional claim is inextricably tied to the same tortious conduct on which the other seven state claims are based, the Court concludes that the state constitutional claim is also based on tortious conduct and that the verification requirement applies.

[3] Conversion is considered a tort. *See Kruger v. Horton*, 106 Wn.2d 738, 743, 725 P.2d 417 (1986) (referring to the "tort of conversion," and defining it as "the act of wilfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." (internal citations and quotations omitted)).

[4] The claim filing statute applies to suits against individuals where the conduct complained of occurred in the course of their employment with a government entity. *See, e.g., Woods v. Bailet*, 116 Wn.App. 658, 665-66, 67 P.3d 511 (2003) (holding that just as the claim filing statute applied to the municipality that employed the doctor/defendant, it applied to the doctor/defendant when the conduct complained of occurred within the scope of his employment); *Hardesty v. Stenchever*, 82 Wn.App. 253, 260-62, 917 P.2d 577 (1996)

Plaintiffs argue that the court should not dismiss claims brought by Lipson and Skvorak because they were nonresidents during the time within which the claim was to be filed. They assert that under these circumstances, an exception to the verification requirement applies. The Court disagrees. Even though Lipson and Skvorak were nonresidents during the claim period, their attorney stated that they were present in the state during that time. Thus, because Lipson and Skvorak could have signed their claims when they were in Washington State, the nonresident exception does not apply.

For the reasons discussed above, the Court GRANTS Defendant Thurston County's motion for partial summary judgment [Dkt. #33] with respect to Plaintiffs' claims for the Washington constitutional civil rights violation, false arrest, false imprisonment, assault and battery, common law conversion/trespass to chattel, intentional infliction of emotional distress, malicious prosecution, and negligence.

### C.     Plaintiffs' Request for Extension

Plaintiffs' request for an extension is moot. Since Plaintiffs submitted their request, they have had sufficient time to respond and they have in fact responded to Defendant's partial summary judgment motion.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of February, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

(state employee). The parties here do not dispute that the named individual defendants were acting within the scope of their employement. The court therefore dismisses the above claims with respect to all defendants, including individual County employees.

ORDER
Page - 5